

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 23, 2019

**BY ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007
failla_nysdchambers@nysd.uscourts.gov



Re:   *United States v. Okechukwu Peter Ezika*, S5 18 Cr. 117 (KPF)

Dear Judge Failla:

On December 20, 2019, the defendant filed a reply in support of his motion to withdraw his waiver of the right to a grand jury indictment, and a declaration in support of that submission. (Dkt. Nos. 210 ("Def. Reply"), 210-1 ("Def. Reply Decl.").) In his reply, the defendant argued—for the first time—that a second attorney, Richard Portale, Esq., also provided ineffective assistance of counsel. (Def. Reply 2 (describing Mr. Portale's purported "lack of effective counsel" and failure to "act with enough deliberate speed").) The defendant claims that his assertions are supported, at least in part, by (conclusory) statements in his declaration. (*See, e.g.*, Def. Reply Decl. ¶ 6.)

Even if the Court assumes *arguendo* that the defendant's statements regarding Mr. Portale are true and the Court accepts his argument with respect to Mr. Portale's representation, the outcome is unchanged—the motion should be dismissed as untimely and, in the alternative, denied on the merits. (*See* Gov't Opp'n 9-11 (substantial delay in bringing the motion weighs in favor of denial), 11-20 (all other factors support denial) (Dkt. No. 201).) The period of delay purportedly attributable to Mr. Portale's alleged "lack of effective counsel" was only approximately half of the substantial period of delay occasioned by the defendant. (*See* Gov't Opp'n 6-7, 10-11.) Accordingly, the Court should deny the defendant's motion both on untimeliness grounds and on the merits without addressing the belatedly raised allegations concerning Mr. Portale's representation of the defendant.

However, in the event that the Court finds it necessary to make a determination concerning Mr. Portale's purported "lack of effective counsel" in order to resolve the defendant's motion, the Government would respectfully request that the Court provide a reasonable opportunity for the Government to (1) seek an attorney-client privilege waiver and informed consent from the defendant concerning Mr. Portale's representation of the defendant, similar to that which the Court authorized regarding Mr. Spodek (*see* Dkt. No. 187); (2) obtain relevant documents and

communications from and conduct an interview of Mr. Portale; and (3) draft and submit to the Court a sur-reply and declaration from Mr. Portale, to which the Government would append any relevant documentation and communications it received.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By: *Robert B. Sobelman*
    Juliana N. Murray
    Robert B. Sobelman
    Assistant United States Attorneys
    (212) 637-2314/2616

cc: Michael P. Kushner, Esq. (by ECF and email)

```
Application GRANTED.  The Government is directed to submit a letter
to the Court on or before January 28, 2020, advising the Court
regarding the scope of the privilege waiver sought or obtained as to
Mr. Portale, if any, the documents sought from Mr. Portale, and a
contemplated schedule for the filing of a sur-reply and a declaration
from Mr. Portale.

Dated:     January 7, 2020             SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE